# NO. 12-07-00329-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNNY LEE CAREY,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*

A jury found Appellant Johnny Lee Carey guilty of possession of a controlled substance and guilty of the possession or transport of certain chemicals with the intent to manufacture a controlled substance. In the two issues presented, Appellant complains that the trial court erred in admitting State's Exhibits Three, Four, and Five, plastic bags containing what was purported to be methamphetamine and ephedrine or pseudo-ephedrine. Appellant contends further that without these exhibits and the testimony concerning their analysis, the evidence is insufficient to sustain his conviction. We affirm.

### BACKGROUND

Anderson County Deputy Sheriff John Smith stopped Appellant's yellow Chevrolet Camaro for a defective license plate light. Appellant had no driver's license, and Deputy Smith placed him under arrest. Acting on information that Appellant carried drugs in a magnetic box hidden under his car, Deputy Smith found a two by three and one-half inch box attached to the underside of Appellant's vehicle. He removed the box, opened it, and discovered several plastic bags that contained what he believed to be methamphetamine. At this point, Deputy Smith called the

Dogwood Trails Narcotics Task Force, and investigators Richard Garner and Andy Hatch responded. At trial, Deputy Hatch testified that he observed the box and what it contained and that he saw Deputy Smith turn the box and its contents (State's Exhibits Three, Four, and Five) over to Investigator Garner. He also testified that he recognized Investigator Garner's initials and the date and time of the seizure on the magnetic box that the State alleged contained the plastic bags of methamphetamine introduced at trial as State's Exhibits Three, Four, and Five. Investigator Garner did not testify.

Appellant objected to the admission of State's Exhibits Three, Four, and Five contending that they had been seized in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, article I, section IX of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure.

## ADMISSIBILITY OF EXHIBITS

In his first issue, Appellant maintains the admission of the challenged exhibits was improper because the State did not prove a proper chain of custody of the exhibits or present a proper predicate for their admission.

To preserve a complaint for appellate review, the complaint must have been made to the trial court by timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context . . . ." TEX. R. APP. P. 33.1. Claimed error raised on appeal must be consistent with the objection made at trial or nothing is preserved for review; therefore, trial objections stating one legal basis may not be used to support a different legal theory on appeal. *Cook v. State*, 858 S.W.2d 467, 474 (Tex. Crim. App. 1993); *Skillern v. State*, 890 S.W.2d 849, 868 (Tex. App.–Austin 1994, pet. ref'd).

Appellant's objections to the admission of State's Exhibits Three, Four, and Five at trial related only to the legality of their seizure. Appellant did not object to their admission based on the State's failure to show a proper chain of custody or its failure to lay a proper predicate for their admission, his arguments advanced on appeal. Because Appellant's complaint on appeal does not comport with his objections at trial, nothing is preserved for review. Appellant's first issue is

2

overruled.

Our disposition of Appellant's first issue renders it unnecessary for us to address Appellant's second issue contending the evidence is insufficient without State's Exhibits Three, Four, and Five. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

The judgment of the trial court is ***affirmed***.

BILL BASS
Justice

Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)